## Duda v. Eichenlaub

*Norman Levine,* for plaintiff.
*Allen Palmer,* for defendant.

PICCIONE, *J.,* October 24, 2005—The plaintiff has appealed the order of court dated August 10, 2005 wherein the court denied appellant's claim for past-due medical expenses.

This matter was before the court on June 7, 2005, for a de novo hearing. The issue before the court at that time was the responsibility of the defendant to reimburse the plaintiff for past-due medical bills that had accrued.

The parties were before the Domestic Relations Section of Lawrence County on April 18, 2005. At this time, the plaintiff submitted four separate envelopes of medical bills dating back to the calendar year 1997 through the present. The conference officer found the plaintiff was aware of the policy of the Domestic Relations Section of Lawrence County as to submitting unpaid medical bills. The plaintiff did not present verification that the bills had been sent to the defendant or that she had met her initial $250 obligation. All bills prior to 2005 were not addressed but were filed in the Domestic Relations file to remain part of the record. The bills for the calendar year 2005 were returned, as plaintiff had not yet reached her initial $250 obligation. The conference officer found the bills prior to the year 2005 were not

submitted in a timely fashion or in accordance with the procedures of the Domestic Relations Section of Lawrence County. The plaintiff timely filed a demand de novo and this case was before the court on June 7, 2005.

The policy of the Lawrence County Domestic Relations Section with regard to the submission of unpaid medical expenses is that the payee must first notify the defendant directly, by certified mail return receipt, that unpaid medical bills are outstanding. If the payor refuses to reimburse the payee, or make arrangements with the physician to pay, then the Domestic Relations Section may become involved. Prior to Domestic Relations becoming involved, the payee must submit to the Domestic Relations Section a copy of the certified mail label and a copy of the return receipt indicating to whom the notice was sent and who signed the notice, along with a copy of the cover letter itemizing said bills, and the actual bills themselves. Bills must be submitted to the Domestic Relations Section for collection within one year of the date of the service rendered. The Domestic Relations Section of Lawrence County implemented this policy in 1997.

The court found the plaintiff was informed of said policy by the Domestic Relations Section of Lawrence County. The plaintiff alleges she delivered to the defendant medical bills from years past, although the plaintiff did not produce a copy of the certified mail label or a copy of the return receipt. The plaintiff did not adhere to the Domestic Relations Section policy and provided no appropriate reason to the court justifying her failure to comply with said policy. The court is unable to determine with certainty whether the defendant was ever made aware of all outstanding bills.

In addition, the plaintiff's submission to the Domestic Relations Section was untimely. The first time plaintiff placed the bills on record with the Domestic Relations Section was at the April 18, 2005 conference before the hearing officer. These bills contained unpaid items from 1997 and afterwards. It is the policy of Domestic Relations that bills must be submitted within one year from the date of service. The plaintiff's request for payment on all bills not submitted to the defendant prior to the year 2005 was denied.

The plaintiff, in her statement of matters complained of, addresses the fact that the court uses the language "all previous orders not amended by, or in conflict with, the order of court of August 10, 2005 shall remain and continue in full force and effect." Specifically, the plaintiff brings up the fact that in all previous orders is a paragraph that dictates that the defendant shall contribute to unpaid medical expenses. This paragraph should not be construed to mean that the plaintiff has an unlimited amount of time to submit unpaid medical bills for payment. While the defendant is required to contribute towards unpaid medical bills, this plaintiff must still adhere to the policy for submitting such bills as set forth by the Domestic Relations Section.

Additionally, the plaintiff makes a public policy argument that the defendant should not be allowed to circumvent his obligation to pay medical bills. Even if the plaintiff did not have a malicious intent or bad faith motive in not presenting the unpaid bills sooner, there is a public policy argument to be made that the plaintiff should not be allowed to hold onto bills and seek to collect after years of not properly making the defendant aware of their need to be paid. This is patently unfair

and prejudicial to the defendant. The plaintiff must follow the procedures as set forth by the Domestic Relations Section of Lawrence County or forfeit her right to contribution toward the unpaid expenses.

For the reasons stated above, the plaintiff's appeal is without merit and should be dismissed.

## ORDER

And now, October 24, 2005, the court having received a notice of appeal that plaintiff appeals the order of court dated August 10, 2005, it is hereby ordered and decreed that the Domestic Relations Section of Lawrence County shall assemble the record and transmit the same to the prothonotary of the Superior Court as required by the applicable rules of appellate procedure.

The Domestic Relations Section of Lawrence County shall properly serve notice of this order and opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.